United States Courts
Southern District of Texas
FILED
September 03, 2025
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
**ENTERED**
September 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 7:25-CV-0255 |
| § § | |
| 1.044 ACRES OF LAND, MORE OR § LESS, *et al.*, § § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

The United States has filed this action for the taking of property under the power of eminent domain pursuant in part to Title 40, United States Code, Section 3113 of the General Condemnation Act (the "GCA") and the so-called "quick-take" procedures set forth in Title 40, United States Code, Section 3114 of the Declaration of Taking Act (the "DTA"). (Dkt. No. 1). The property at issue is approximately 1.044 acres of land in Starr County, Texas (the "Property"), as more particularly described in schedules attached to the United States' pleadings. (Dkt. No. 1-1). Generally, the United States seeks a fee simple interest in the Property to construct, operate, and maintain a physical barrier near the U.S.-Mexico border. The United States has named eight defendants, known and unknown, who may have an interest in the Property. (Dkt. No. 3-1).

Pending now is a *Motion of the United States for an Order of Immediate Possession* (the "Motion") (Dkt. No. 13). Through the Motion, the United States requests the issuance of an order requiring any person in possession or control of the Property to immediately surrender possession to the United States. (*Id.* at 1, 5-7). To summarize the United States' position in support of the Motion: congressional mandates and executive orders have issued for the operational control of the border, construction contracts for physical barriers have already been awarded, the material

acquisition process has begun, and monetary penalties may be incurred should construction be delayed. (*See id.* at 5-6).

Each of the defendants has either submitted a waiver of service or been served by different means. None of the defendants, however, has filed a response in opposition to the Motion. The Motion is now ripe for review.

The Motion was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b)(1). (Dkt. No. 14). Because the United States has fulfilled the statutory requirements entitling it to immediate possession of the Property, including the filing of a declaration of taking and the depositing of the estimated just compensation for the taking, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 13) be GRANTED.[1]

## I. BACKGROUND

On May 30, 2025, the United States initiated this action through the filing of: (i) a *Complaint in Condemnation* (the "Complaint") (Dkt. No. 1); (ii) a supporting *Declaration of Taking* (the "Declaration") (Dkt. No. 2), which is executed by Paul Enriquez, Acquisition Program Manager, with the Wall Program Management Office of the U.S. Border Patrol Program Management Office Directorate; and (iii) a *Notice of Condemnation* (the "Notice") (Dkt. No. 3).

Through schedules attached to the Complaint and the Declaration, the United States offers a statement of the authorities for the taking. (Dkt. No. 1-1 at 2; Dkt. No. 2-1 at 2). These authorities are as follows: (i) 40 U.S.C. § 3113 of the GCA, which generally authorizes federal officers to bring condemnation actions in federal court; (ii) 40 U.S.C. § 3114 of the DTA, which creates procedures to expedite the taking of title and possession to land; (iii) 8 U.S.C. § 1103(b) of the

---

[1] The Magistrate Judge proceeds by way of the issuance of a report and recommendation because, in condemning the Property, the United States necessarily requests possession of the Property, and the Motion is essentially dispositive of that aspect of the underlying action. *See* 28 U.S.C. § 636(b)(1) (providing that a district judge may refer dispositive matters to a magistrate judge for report and recommendation).

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, whereby "[t]he Attorney General and Secretary of Homeland Security have been given a mandate by Congress to promptly acquire easements and immediately commence the construction of fences designed to deter illegal crossings along the United States border in areas of high illegal entry into the United States[,]" *United States v. 1.04 Acres of Land*, 538 F. Supp. 2d 995, 997 (S.D. Tex. 2008); and (iv) the Act of Congress approved December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452, which appropriated the funds for the instant taking. According to the United States, the public purpose for which the Property is being taken "is to construct, install, operate, and maintain border barrier, including gates and power to operate such gates[,] as well as roads that will be required to construct, operate, and maintain the border barrier." (Dkt. No. 1-1 at 4; Dkt. No. 2-1 at 4).

As noted, the United States offers a detailed legal description of the Property (Dkt. No. 1-1 at 6-9; Dkt. No. 2-1 at 6-9), along with maps or plans of the Property (Dkt. No. 1-1 at 11-18, 21; Dkt. No. 2-1 at 11-18, 21).

The United States also offers a statement of the estate to be taken. "The estate taken is fee simple," subject to certain existing easements for roads, utilities, and mineral interests. (Dkt. No. 1-1 at 20; Dkt. No. 2-1 at 20). The taking would also except and exclude interests in water rights and water distribution and drainage systems, provided those interests are subordinated to the construction, operation, and maintenance of the barrier. (Dkt. No. 1-1 at 20; Dkt. No. 2-1 at 20).

The United States estimates that just compensation for the taking amounts to $6,239.00. (Dkt. No. 1-1 at 23; Dkt. No. 2-1 at 23).

Attached to the Notice is a list of eight interested parties or defendants who, according to the United States, have or claim an interest in the Property. (Dkt. No. 3-1 at 25-27). Among these are the "Unknown Heirs" of a named individual. (*Id.* at 26).

On June 17, 2025, the United States deposited the amount of the estimated just compensation into the court's registry. (Dkt. No. 8).

Upon initiating this action, the United States prepared a form *Waiver of Service* for the defendants. For most of the defendants, the United States has submitted executed waivers. (Dkt. Nos. 6, 7, 9, 10, 11). Through the waivers, the respective defendants agree to forego formal service of process, indicate that they will retain all defenses or objections to the lawsuit, and acknowledge their right to serve a notice of appearance or answer within 21 days. For two other defendants, the United States has submitted proof of personal service. (Dkt. Nos. 20, 21). Otherwise, for any "Unknown Heirs," the United States has submitted a *Certificate of Service by Publication* (the "Certificate") (Dkt. No. 18), which form of service is specifically contemplated by Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure.

On July 16, 2025, while still in the process of completing service, the United States filed the Motion. (Dkt. No. 13).

The last of the defendants was served via personal service on August 12, 2025. (*See* Dkt. Nos. 20, 21). Since then, the 21-day deadline to submit a response to the Motion has lapsed. *See* S.D. Tex. L.R. 7.4. None of the defendants has responded.

## II. LEGAL STANDARD

Although congressional authorization is generally required for condemnation, "Congress's normal practice . . . is to delegate the power of eminent domain to government officers who may condemn property in the name of the United States for public use." *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 820-21 (4th Cir. 2004). Indeed, through the GCA, Congress provides "judicial access" to officers of the federal government to acquire real estate for the United States by condemnation "when the officer believes that it is necessary or advantageous to [the United States]

to do so." 40 U.S.C. § 3113; *United States v. 0.720 Acres of Land*, 603 F. Supp. 3d 482, 487 (S.D. Tex. 2022). When an officer deems condemnation necessary, the United States may proceed by way of a "straight condemnation," which involves a determination of just compensation and the entry of final judgment before the United States takes possession, or the United States may initiate a so-called "quick-take," in which the United States takes possession of the condemned property at the beginning of the case. *Sage*, 361 F.3d at 821-22.

The instant case involves a "quick-take" under the procedures set forth in the DTA. "The DTA was enacted in 1931 and created a procedure to expedite the taking of title and possession of lands to enable the United States to begin construction work before final judgment." *1.04 Acres*, 538 F. Supp. 2d at 1002 (internal footnote omitted). The DTA's statutory language (i) sets out requirements for filing a declaration of taking and a deposit of estimated compensation; (ii) states when title in the interest sought will vest in the United States; and (iii) explains how interest on awards of just compensation are affected when the United States proceeds using a declaration of taking. *Id.* at 1003 (citing 40 U.S.C. § 3114(a)-(e)) (quotations omitted).

In proceeding under the DTA, the United States must file a declaration of taking that contains five statutorily required components:

(1) a statement of the authority under which, and the public use for which, the land is taken;

(2) a description of the land taken that is sufficient to identify the land;

(3) a statement of the estate or interest in the land taken for public use;

(4) a plan showing the land taken; and

(5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken.

40 U.S.C. § 3114(a). With the declaration of taking, the United States must also "deposit[ ] in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration[.]" *Id.* § 3114(b). Upon filing the declaration and making the deposit, three legal mechanisms occur: (i) title to the estate or interest specified in the declaration vests in the United States; (ii) the land is condemned and taken for the use of the United States; and (iii) the right to just compensation for the land vests in the persons entitled to the compensation. *United States v. Tree Removal Rights with Respect to Land in Marshall Cnty., Miss.*, 2019 WL 1521985, at *1 (N.D. Miss. Apr. 8, 2019) (quoting 40 U.S.C. § 3114(b)) (quotations omitted).

Nevertheless, once the declaration of taking has been filed, the district court may proceed to "fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to" the United States. 40 U.S.C. § 3114(d)(l). This statutory language has been construed "as empowering (and perhaps even obligating) district courts to examine the equities of the matter to evaluate whether some undue hardship to the present landowner or occupant might warrant some temporal gap between the filing of the declaration of taking and the owners' surrender of possession." *United States v. 74.57 Acres of Land*, 2012 WL 1231933, at *2 (S.D. Ala. Apr. 11, 2012) (collecting cases).

The process by which any interested persons may be served with notice of the action, and enter an appearance or answer, is governed by Rule 71.1 of the Federal Rules of Civil Procedure, which provides a uniform set of procedures to govern condemnation actions. *1.04 Acres*, 538 F. Supp. 2d at 1002.

"When the action commences, [the United States] need join as defendants only those persons who have or claim an interest in the property and whose names are then known[,]" such

that "[a]ll others may be made defendants under the designation 'Unknown Owners.'" Fed. R. Civ. P. 71.1(c)(3). For a defendant whose address is known and resides in the United States, personal service of a written notice of the action must be made in accordance with Rule 4. Fed. R. Civ. P. 71.1(d)(2), (d)(3)(A). Unknown owners, as well as defendants whose place of residence cannot be determined after diligent inquiry, may be served with the notice by means of publication. Fed. R. Civ. P. 71.1(d)(3)(B). Service of the notice has the same effect as serving a summons under Rule 4. Fed. R. Civ. P. 71.1(d)(4).

In terms of appearance, if a defendant has no objection or defense to the taking, they may file a notice of appearance designating the property in which they claim an interest. Fed. R. Civ. P. 71.1(e)(1). Otherwise, a defendant must file an answer within 21 days of being served with the notice. Fed. R. Civ. P. 71.1(e)(2). Apart from stating the property in which the defendant claims an interest and the extent of that interest, the answer must state all objections and defenses to the taking. *Id.* A defendant waives any objections and defenses not stated in their answer. Fed. R. Civ. P. 71.1(e)(3). Any defenses raised are limited to challenging the authority of the United States for the taking and ensuring that Congress authorized takings for the stated purpose. *See United States v. 6.584 Acres of Land*, 533 F. Supp. 3d 482, 493-95 (S.D. Tex. 2021).

### III. ANALYSIS

As recounted above, the schedules attached to the Declaration satisfy the five statutory components of § 3114(a) of the DTA insofar as the United States provides: (i) a statement of the authority and public use for taking the Property; (ii) a description identifying the Property; (iii) a statement of the interest to be taken; (iv) plans showing the land to be taken ; and (v) a statement of just compensation for taking the Property. The United States has also satisfied § 3114(b) by depositing the full amount of the estimated just compensation in the court's registry. As such, title

to the Property has vested in the United States and the Property is condemned. *See Tree Removal Rights*, 2019 WL 1521985, at *1; *see also United States v. 4.587 Acres of Land*, 2021 WL 733770, at *2 (S.D. Tex. Feb. 25, 2021).

In support of immediate possession, the United States represents that "[t]he construction of border barrier on [the Property] is needed to improve security along the border of the United States[,]" that congressional mandates and executive orders have issued for the operational control of the border, that construction contracts for the Property have already been awarded, that "[t]he United States has awarded task orders and issued notices to proceed with material acquisition, fabrication, construction, and other activities related to border barrier construction[,]" and that "the United States will incur significant monetary penalties arising from a delay in construction if possession to [the Property] is not transferred promptly." (Dkt. No. 13 at 5-6). Indeed, contracts and construction activities that begin before the initiation of a condemnation action may support a case for immediate possession. *See 6.584 Acres*, 533 F. Supp. 3d at 501. None of the defendants has appeared to represent that they will suffer harm from an immediate transfer.

## IV. CONCLUSION

### *Recommendation*

For these reasons, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 13) be GRANTED.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the court on an issue covered in this report and from

appellate review of factual findings accepted or adopted by the court, except on grounds of clear error or manifest injustice.

DONE at McAllen, Texas this 3rd day of September 2025.

_____
J. SCOTT HACKER
United States Magistrate Judge